NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0781n.06

No. 10-3809

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

<table>
<tr><td>HANADI YASSIN HAMMOUD,</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>    Petitioner,</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td>ON PETITION FOR REVIEW</td></tr>
<tr><td>v.</td><td>)</td><td>FROM A FINAL ORDER OF THE</td></tr>
<tr><td></td><td>)</td><td>BOARD OF IMMIGRATION</td></tr>
<tr><td>ERIC H. HOLDER, JR., Attorney General,</td><td>)</td><td>APPEALS</td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>    Respondent.</td><td>)</td><td></td></tr>
</table>

FILED

*Nov 21, 2011*

LEONARD GREEN, Clerk

Before: KENNEDY, GIBBONS, and KETHLEDGE, Circuit Judges.

PER CURIAM. Hanadi Yassin Hammoud, a Michigan resident represented by counsel, petitions for review of an order of the Board of Immigration Appeals (BIA) that affirmed an Immigration Judge's (IJ) denial of her application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). Hammoud's counsel has filed a motion to withdraw.

Hammoud is a native and citizen of Lebanon. In December 2008, she attempted to enter the United States using her sister's valid alien registration card. In June 2009, after removal proceedings had been initiated, Hammoud filed an application for asylum, withholding of removal, and relief under the CAT. Hammoud alleged that she would be persecuted and tortured by Hizballah if removed to Lebanon because of her cooperation with Israeli forces within Lebanon. The IJ denied the application on the merits. The BIA remanded the case to the IJ for an explicit credibility determination and for further consideration of Hammoud's claims.

Hammoud filed a second application for asylum, withholding of removal, and relief under the CAT, alleging an additional claim that her brother in Lebanon would kill her for opposing

Hizballah and for engaging in a romantic relationship with a Shiite Muslim. The IJ denied the application, concluding that Hammoud did not testify credibly and that she failed to demonstrate entitlement to relief. The BIA affirmed the IJ's decision.

On appeal, Hammoud argues that the IJ should have applied a lower threshold to her claims because the State Department has designated Hizballah as a "Tier I Terrorist Organization." Hammoud further argues that she testified credibly and that she demonstrated entitlement to asylum, withholding of removal, and relief under the CAT.

Where, as here, the BIA does not summarily affirm or adopt the IJ's reasoning and provides an explanation for its decision, we review the BIA's decision as the final agency determination. *Ilic-Lee v. Mukasey*, 507 F.3d 1044, 1047 (6th Cir. 2007). We review legal conclusions de novo and factual findings, including credibility determinations, for substantial evidence. *Khozhaynova v. Holder*, 641 F.3d 187, 191 (6th Cir. 2011). Under the substantial evidence standard, we will uphold administrative findings of fact unless "any reasonable adjudicator would be compelled to conclude to the contrary." *Bi Xia Qu v. Holder*, 618 F.3d 602, 605-06 (6th Cir. 2010) (quoting 8 U.S.C. § 1252(b)(4)(B)).

There is no legal basis for analyzing Hammoud's claims under a less stringent standard based on the State Department's designation of Hizballah as a terrorist organization. Further, there were significant discrepancies between Hammoud's asylum applications and her oral testimony that support the IJ's adverse credibility determination. In her first asylum application, Hammoud stated that she confronted her brother-in-law and that he admitted to spying for the Israeli government. Hammoud testified, however, that, after her brother-in-law saw her looking in the envelopes she was delivering, he told her only that he was acting in the best interest of Lebanon, and she understood him to mean that he was working for Israel or the United States. Additionally, during her first

hearing, Hammoud testified that, in 2000, she and her boyfriend, Fadi Awad, had agreed to flee Lebanon and go to Canada for protection. At her second hearing, Hammoud initially claimed that she could not say her boyfriend's name, then testified that his last name was also Hammoud, although they were not related. Based on these discrepancies, a reasonable adjudicator would not be compelled to conclude that Hammoud gave credible testimony.

Further, Hammoud also failed to corroborate her claims. The failure to corroborate is relevant here because an IJ is "permitted to rely on the failure of an alien to present corroborating evidence when making a credibility determination and where there are also inconsistencies in the alien's testimony." *Ikharo v. Holder*, 614 F.3d 622, 634 (6th Cir. 2010). Specifically, Hammoud failed to provide supporting statements from her mother or the sisters with whom she remains in contact, all of whom live in the United States. Hammoud did not have any of these relatives testify or submit affidavits as to one of the critical issues in her case—whether her brother or ex-husband would seek retribution for her supposed relationship with a Shiite muslim. In addition, Hammoud failed to explain how the corroborative documents that she sent from Canada to the United States, but were supposedly lost in the mail, would have supported her claim. Finally, Hammoud did not corroborate her claim that she would be persecuted by Hizballah upon her return to Lebanon.

Given the adverse credibility determination and the lack of other evidence supporting Hammoud's claim that she would be persecuted or tortured if removed to Lebanon, she has not established that she is entitled to asylum, withholding of removal, or relief under the CAT. *See El-Moussa v. Holder*, 569 F.3d 250, 257 (6th Cir. 2009).

Accordingly, we grant counsel's motion to withdraw and deny Hammoud's petition for review.